1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed**
September 12, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NASIR JAMIL,

         Plaintiff,

    v.

UNITED STATES OF AMERICA AND
UNITED STATES POSTAL SERVICE,

        Defendants.

_____/

NO. 5:05-cv-258 RS

**ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS WITHOUT
PREJUDICE FOR FAILURE
PROPERLY TO SERVE
DEFENDANTS**

### I.  INTRODUCTION

Defendants United States of America (the "United States") and the United States Postal Service (the "USPS") seek dismissal of the amended complaint for breach of contract filed by plaintiff Nasir Jamil ("Jamil") on the argument that Jamil: (1) failed to serve the summons and amended complaint on defendants, in accordance with the Court's prior order and the requirements set forth in Fed. R. Civ. Pro. 4(i) and (2) failed to exhaust his administrative remedies prior to filing this action.[1]  Jamil, who is *pro se*, filed no opposition to the motion, which was scheduled to be heard by the Court on August 17, 2005.  At the appointed hearing time, Jamil did not appear and, accordingly, an order to show cause as to why the case should not be dismissed was issued.  In response, Jamil appeared in Court as ordered on August 31, 2005

_____

[1]  Jamil's claim for negligence was dismissed with prejudice in the Court's prior order.  <u>See</u> Order filed on May 31, 2005 at p. 5.

1  and stated that he believes he has exhausted all administrative remedies and that the filing of any further

2  appeals by him would prove futile.  Jamil did not address defendants' contention of inadequate service.

3      Based on all papers filed to date, the oral argument of the parties, and the record in this action, the

4  motion to dismiss is granted without prejudice for failure to serve defendants. As a result, the Court need

5  not reach the alternative grounds for dismissal concerning the exhaustion of administrative remedies.

6                                    II.  BACKGROUND

7      The factual background of this action is set forth in the Court's order of May 31, 2005 and the

8  amended complaint does not allege different facts, with the exception of new averments under the heading,

9  "Exhausted all administrative remedies." <u>See</u> Amended Complaint at p. 1.  Jamil alleges that on October

10 23, 2004, he filed a claim against the USPS for the loss of his laptop.  <u>Id.</u> at ¶ 1.  That claim was denied on

11 November 11, 2004, and appealed by Jamil on November 16, 2004.  <u>Id.</u>  In addition, Jamil filed a second

12 appeal on November 17, 2004.  <u>Id.</u> at ¶ 3.  He then filed a third appeal, this time directed to the USPS

13 headquarters, on December 31, 2004, presumably in response to the denial of his prior appeals on

14 December 28, 2004.[2]  <u>Id.</u> at ¶ 4.  Based on this sequence of events, Jamil contends that he has properly

15 pled the exhaustion of all administrative remedies.

16     Defendants argue, however, that Jamil did not exhaust his remedies prior to the time that he filed his

17 original complaint in state court on December 14, 2004, since he admittedly filed a final appeal on

18 December 31, 2004.  Moreover, they note that the record indicates that Jamil has an outstanding appeal to

19 which he has not yet received a response, thereby contending that such fact also supports the dismissal of

20 this action.  Even assuming that exhaustion has been completed, defendants aver that they have not been

21 properly served with the summons and amended complaint in this case.

22 \\\

23                                    III.  STANDARDS

24     Federal Rule of Civil Procedure 4(m) provides that service of the summons and complaint must be

25 made upon a defendant within 120 days after the filing of the complaint, unless the court for good cause

26 ─────────────

27     [2]  Although not alleged in Jamil's complaint, the USPS acknowledges that Jamil's appeal was denied on December 28, 2004. <u>See</u> Declaration by Marguerite Breault.

28                                         2

**United States District Court**
For the Northern District of California

1  shown extends the time for an appropriate period. Failure to comply with Rule 4 may result in the dismissal

2  without prejudice of the complaint. Id.  Rule 4(i) proscribes the manner in which a plaintiff must serve the

3  United States and any of its agencies, corporations, officers, or employees.

IV.  DISCUSSION

5  As noted, defendants move to dismiss Jamil's amended complaint on the basis that the proof of

6  service fails to show that service was effected upon them in the manner prescribed by Fed. R. Civ. Pro.

7  4(i).  Although Jamil contends that service was properly effected, the proof of service submitted to the

8  Court shows only that, on April 29, 2005, a copy of an amended complaint was mailed to Assistant United

9  States Attorney Mark St. Angelo.  There is no proof of service indicating that Mr. St. Angelo was

10  subsequently served with the present amended complaint, nor does the submitted proof of service comply

11  with the requirements of Fed. R. Civ. Pro. 4(i)(1)(A) and (B).  As a result, it does not appear that service

12  was properly effected on the defendants.  Therefore, pursuant to Fed. R. Civ. Pro. 4, the Court dismisses

13  this case without prejudice based upon Jamil's failure to serve defendants in the proper manner.

V.  CONCLUSION

15  For the reasons set forth herein, defendants' motion to dismiss Jamil's amended complaint is

16  granted.  Jamil may, assuming his administrative appeal is denied, refile this action and properly serve the

17  defendants with a new summons and complaint.  The case management conference set for September 28,

18  2005 is, therefore, vacated.

19  IT IS SO ORDERED.

20  Dated: 9/12/05                                          /s/ Richard Seeborg

21                                                         RICHARD SEEBORG
                                                          United States Magistrate Judge

22

23

24

25

26

27

28                                          3

**United States District Court**

For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Mark St. Angelo     mark.st.angelo@usdoj.gov

Joann M. Swanson     joann.swanson@usdoj.gov

Nasir Jamil
235 Erie Way #B
Campbell, CA 95008

**Dated: 9/12/05**                                                      **Richard W. Wieking, Clerk**

**By:___DM_____**
    **Chambers**

**United States District Court**
For the Northern District of California